UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>             Plaintiff,<br><br>      v.<br><br>JEFF LYNCH, et al.,<br><br>             Defendants. | No.  2:22-cv-0025 DAD DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.  Plaintiff has filed a motion for appointment of counsel.  (ECF No. 3.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

1

In the present case, the court does not find the required exceptional circumstances. The court has not yet found that plaintiff's complaint presents a cognizable claim on screening. As such, the court cannot evaluate plaintiff's likelihood of success on the merits at this time. Additionally, the difficulties in litigating articulated by the plaintiff are not unique to the plaintiff and are something all prisoners face in litigation. Finally, plaintiff has, thus far, had no apparent issues litigating this case. For these reasons, the court does not currently find the exceptional circumstances exist to warrant a request for voluntary assistance of counsel. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. Though plaintiff's motion will be denied, he will be permitted to renew it at a later stage of these proceedings should he choose to do so.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice to its renewal at a later stage of these proceedings.

Dated: August 30, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/jone0025.31