UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-00025 DAD DB P<br><br><br>ORDER |

　　　　Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants were deliberately indifferent to plaintiff's suicidal thoughts in violation of his Eighth Amendment rights.  Presently before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).

　　　　For the reasons set forth below, plaintiff's motion to proceed in forma pauperis will be granted and plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint

**IN FORMA PAUPERIS**

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison, Sacramento ("SAC"). (ECF No. 1 at 1.) Plaintiff names as defendants SAC Warden Jeff Lynch and Psychologist Kimberly Brooke. (Id. at 2.)

The complaint contains the following allegations: On April 20, 2021, plaintiff informed defendant Brooke that he "[felt] suicidal and…wanted to hert [sic] myself." (Id. at 3.) Defendant Brooke "cleared" plaintiff to go back to his cell. (Id.) Plaintiff again informed staff he was suicidal. (Id.) Plaintiff was taken to the program office where he was again "cleared" by defendant Brooke and returned to his cell. (Id.) On April 21, 2021, plaintiff informed psych text Adiahi that he still felt suicidal. (Id.) Later that same day, plaintiff swallowed a metal hook in an attempt to kill himself. (Id.) As a result, plaintiff had to be sent to the hospital. (Id.)

Plaintiff claims that defendant Brooke was deliberately indifferent in ignoring plaintiff's suicidal ideations, instead returning plaintiff to his cell. (Id. at 2-3.) Plaintiff does not include any factual allegations against defendant Lynch and does not specify any claim against defendant

Lynch.  (See ECF No. 1)  Plaintiff seeks injunctive relief, $100,000 in compensatory damages, and $100,000 in punitive damages.  (Id. at 7-8.)

**IV.    Does Plaintiff State a Claim under § 1983?**

    **A. Eighth Amendment**

        **1. Legal Standards for Medical Needs Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

5

general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

////

////

### 1. Analysis of Medical Needs Claim

Plaintiff has alleged sufficient facts to state a cognizable medical needs claim against defendant Brooke. Plaintiff claims that he informed defendant Brooke twice of his suicidal ideation but that defendant Brooke returned plaintiff to his cell anyway. (ECF No. 1 at 3.) This allegation alone is at least minimally sufficient to state an Eighth Amendment deliberate indifference claim. Under the facts alleged, defendant Brooke knew of plaintiff's serious medical need in the form of suicidal ideation. See Conn v. City of Reno, 491 F.3d 1081, 1095 (9th Cir. 2010), vacated by City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part by Conn v. City of Reno, 658 F.3d 897 (9th Cir. 2011) ("A heightened suicide risk or an attempted suicide is a serious medical need."). Defendant failed to provide treatment for plaintiff's serious medical need, instead just returning plaintiff to his cell twice. (ECF No. 1 at 3.) These facts as alleged are sufficient to state a claim on screening for deliberate indifference.

Accordingly, plaintiff will be given the option to proceed on his deliberate indifference claim against defendant Brooke.

### B. Defendant Lynch

Despite naming Warden Lynch as a defendant in this action, the complaint does not contain any factual allegations against defendant Lynch. It also does not specify the nature of plaintiff's claim against defendant Lynch. As a supervisor, defendant Lynch cannot be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. In the absence of any additional factual allegations against defendant Lynch, plaintiff has failed to state a cognizable claim. However, as it is possible that plaintiff could state a cognizable claim against defendant Lynch, plaintiff will be provided the option to proceed on the above cognizable claim against defendant Brooke or to be given leave to file an amended complaint seeking to state a claim against defendant Lynch or any other defendant.

////

////

////

////

# CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint states a cognizable Eighth Amendment claim against defendant Brooke.
4. The complaint fails to state any other cognizable claims or defendants.
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 28, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/jone0025.scrn_not

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>        Plaintiff,<br><br>  v.<br><br>JEFF LYNCH, et al.,<br><br>        Defendants. | No. 2:22-cv-00025 DAD DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference to medical needs claim against defendant Kimberly Brooke. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

_____ Plaintiff wants to amend the complaint.

DATED:_____

                                                                     Rayon Jones<br>
                                                                     Plaintiff pro se