UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFF LYNCH, et al.,<br><br>   Defendants. | No. 2:22-cv-00025 DAD DB P<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE |

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the court orders plaintiff to show cause, in writing and within 60 days, why this action should not be dismissed for failure to provide sufficient information to effectuate service on the sole defendant, Kimberly Brooke.

Pursuant to plaintiff's notice of election (ECF No. 13) and the court's order filed on November 28, 2022 (ECF No. 14), this case proceeds on plaintiff's potentially cognizable Eighth Amendment medical needs claim against defendant Kimberly Brooke. On November 28, 2022, the court ordered the United States Marshal to serve the complaint on defendant Brooke. (ECF No. 15.)

On January 3, 2023, the California Department of Corrections and Rehabilitation ("CDCR") returned a notice of intent not to waive service for defendant Brooke and provided defendant Brooke's last known address. (ECF No. 17.) Process subsequently directed to

defendant Brooke at the last known address provided by CDCR was returned unserved because, per Veronica at the leasing office, no one by that name lived there. (ECF No. 19.)

On June 15, 2023, the court ordered plaintiff to provide a different address to serve defendant Brooke. (ECF No. 20.) On July 25, 2023, the court ordered the United States Marshal to serve the complaint on defendant Brooke at the address provided by plaintiff. (ECF No. 25.) Process directed to defendant Brooke was returned unserved because there was no record of Kimberly Brooke currently employed at the institution. (ECF No. 27.)

On January 11, 2024, plaintiff was advised he must provide a different address for defendant Brooke to be served. (ECF No. 28.) Plaintiff was instructed to promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. (Id.) On January 22, 2024, plaintiff responded to the court's order, stating defendant Brooke was employed at CSP-Sacramento on April 20, 2021, and that address is the last known address plaintiff has for defendant Brooke. (ECF No. 29.)

As set forth above, CDCR has already indicated that defendant Brooke is not found at CSP-Sacramento and provided defendant Brooke's last known address. However, defendant Brooke was also not found at the last known address provided by CDCR.

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.

In cases involving plaintiffs proceeding in forma pauperis, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and … should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.

1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the U.S. Marshal with sufficient information to effectuate service on a defendant, the court may dismiss that defendant. Id. at 1421-22.

As set forth above, CDCR attempted service on defendant Brooke through the Court's e-service pilot program. However, CDCR indicated that defendant Brooke is longer employed with CDCR and cannot be served via the e-service program. The U.S. Marshal then attempted service on defendant Brooke at her last known address, but she was no longer residing at that location.

Plaintiff has provided insufficient information to locate defendant Brooke for service of process. If Plaintiff is unable to provide the U.S. Marshal with sufficient information, the action will have to be dismissed without prejudice. Plaintiff will first have the opportunity to show cause why defendant Brooke should not be dismissed at this time.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall show cause in writing and within 60 days of the date of service of this order why this action should not be dismissed for failure to effectuate service; plaintiff is cautioned that failure to respond to this order or failure to show good cause will result in a recommendation that this action be dismissed.

Dated: January 30, 2024

DLB7
jone0025.osc.4m

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3