UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>             Plaintiff,<br><br>      v.<br><br>JEFF LYNCH, et al.,<br><br>             Defendants. | No. 2:22-cv-00025 DAD DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the undersigned recommends this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**I. Background**

Following plaintiff's notice of election (ECF No. 13) and the court's order filed on November 28, 2022 (ECF No. 14), this case proceeds on plaintiff's potentially cognizable Eighth Amendment medical needs claim against a single defendant, Kimberly Brooke. On November 28, 2022, the court ordered the U.S. Marshal to serve the complaint on defendant Brooke. (ECF No. 15.)

On January 3, 2023, the California Department of Corrections and Rehabilitation ("CDCR") returned a notice of intent not to waive service for defendant Brooke and provided

defendant Brooke's last known address. (ECF No. 17.) Subsequently, process directed to defendant Brooke at the last known address provided by CDCR was returned unserved because, per Veronica at the leasing office, no one by that name lived there. (ECF No. 19.)

On June 15, 2023, the court ordered plaintiff to provide a different address to serve defendant Brooke. (ECF No. 20.) On July 25, 2023, the court ordered the U.S. Marshal to serve the complaint on defendant Brooke at the address provided by plaintiff. (ECF No. 25.) Process directed to defendant Brooke was returned unserved because there was no record of Kimberly Brooke currently employed at the institution. (ECF No. 27.)

On January 11, 2024, plaintiff was advised he must provide a different address for defendant Brooke to be served. (ECF No. 28.) Plaintiff was instructed to promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. (Id.) On January 22, 2024, plaintiff responded to the court's order, stating defendant Brooke was employed at CSP-Sacramento on April 20, 2021, which is the last known address plaintiff has for defendant Brooke. (ECF No. 29.)

As set forth above, though, CDCR has already indicated that defendant Brooke is not found at CSP-Sacramento. Accordingly, plaintiff was ordered to show cause, in writing and within 60 days, why this action should not be dismissed for failure to provide sufficient information to effectuate service on defendant Brooke. Plaintiff has not filed a response to the order to show cause.

**II.  Legal Standard**

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding in forma pauperis, the court routinely orders the U.S. Marshal to serve summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3).

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and … should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the U.S. Marshal with sufficient information to effectuate service on a defendant, the court may dismiss the action against that defendant. Id. at 1421-22.

### III. Analysis

Here, CDCR attempted service on defendant Brooke through the Court's e-service pilot program. However, CDCR indicated defendant Brooke is longer employed with CDCR and cannot be served via the e-service program. The U.S. Marshal then attempted service on defendant Brooke at the last known address. Defendant Brooke was not found at the last known address provided by CDCR. Several months have passed since service was returned unexecuted, and plaintiff has not provided another address for defendant Brooke or otherwise communicated with the court about any attempts to find defendant Brooke. The time for service has long expired, and plaintiff has failed to provide the U.S. Marshal with sufficient information to effectuate service on defendant Brooke, who is the sole defendant in this action.

### IV. Recommendation

As set forth above, IT IS RECOMMENDED as follows:

1. This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written

3

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
jone0025.4m.dism